## EZRA O. EATON *versus* ANN DUGAN.

Where in an action of debt for rent, the declaration consisted of a single count setting forth a special contract, not in writing, whereby the plaintiff leased to the defendant a tenement, for one month, at a specified rent, but the evidence was merely that the defendant, with the permission of the plaintiff, occupied a part only of such tenement, it was *held*, that, as there was no general count this was a fatal variance.

DEBT for rent. The declaration consisted of a single count, setting forth, that the plaintiff leased to the defendant "the second and upper stories of a messuage and house, with the appurtenances, situated" &c. "to have and to hold the same to her for a certain time, to wit, for one month, and so from month to month while said lease continued, yielding and paying therefor so long as she should hold the same, the sum of twelve dollars and fifty cents each and every month, payable in advance on the fifteenth day of each month, by virtue of which demise said Dugan entered into and was in possession of said premises until the fifteenth day of the present month of July, when a large sum of money, to wit, twenty-five dollars, for said rent was due, which is still in arrears and unpaid."

The defendant pleaded the general issue.

At the trial, in the Court of Common Pleas, before *Ward* C. J., no contract in writing was produced or proved to have existed, whereby the plaintiff had demised the premises to the defendant, or had agreed to permit her to occupy them for any length of time, or for any certain rent. But it appeared in evidence, that the plaintiff had, previously, leased all the rooms above mentioned, except one in the second story, which he retained for his own use, to one M'Donough, for the sum of

$ 12·50 per month, payable in advance ; that a room in the
second story and one of the rooms in the upper story, were
underlet by M'Donough to the defendant ; that M'Donough,
about a week before May 15, 1837, when her lease expired,
quitted the premises, and gave the defendant permission to oc-
cupy another room in the second story, during the remainder
of her term ; and that the defendant took possession of such
room, and, with the permission of the plaintiff, occupied it,
together with the rooms she had previously hired of M'Don-
ough, for four or five weeks after the expiration of M'Don-
ough's lease.

The counsel for the defendant contended, that the plaintiff,
in order to maintain his action on this declaration, must prove,
that the defendant hired of him *all* the rooms in the second and
upper stories, and by the month, and for the rent of $ 12·50
per month, and that the rent was payable in advance ; and he
requested the judge so to instruct the jury.   But the judge in-
structed them, that if such a contract was made between the
plaintiff and the defendant, as was set forth in the declaration,
it would not be binding on the parties according to its strict
terms, as it was a contract concerning an interest in real estate,
and was not in writing ; and that if the plaintiff had proved to
the satisfaction of the jury, that he had permitted the defendant
to occupy the whole of the rooms mentioned in the declara
tion, or any part of them, for the whole time stated, or any
part of it, and that the defendant had in fact so occupied, they
would be justified in returning a verdict in favor of the plaintiff,
for such sum as they should find that the use of the rooms oc-
cupied by the defendant, was reasonably worth, for the time
during which she had occupied them.

Under these instructions the jury returned a verdict in favor
of the plaintiff, for the sum of $ 25·38 damages.

The defendant excepted to the instructions.

*Simonds,* for the defendant, to the point, that as the decla-
ration contained no general count, the plaintiff must prove the
contract exactly as laid in the special count, cited *Stanwood v.
Scovel,* 4 Pick. 422 ; *Hockin v. Cook,* 4 T. R. 314 ; *Leery
v. Goodson,* 4 T. R. 687 ; *Churchill v. Wilkins,* 1 T. R.
447 ; *Tate v. Wellings,* 3 T. R. 531 ; *Bristow v. Wright,*

Eaton
*v.*
Dugan.

*March* 11th.

Eaton
v.
Dugan.

2 Dougl. 665 ; *Penny* v. *Porter*, 2 East, 2 ; Bull. N. P. 145
1 Saund. Pl. & Evid. 119 ; 2 Wms's Saund. 291 *c*, note
*Symmons* v. *Knox*, 3 T. R. 68.

*Aylwin* and *C. C. Paine*, for the plaintiff, to the point, that
it was not necessary that the contract set forth in the declara-
tion should be proved in all its particulars, the action not being
founded on the contract set out, but being substantially for use
and occupation, cited *Salmon* v. *Smith*, 1 Wms's Saund. 203,
note ; *Doe* v. *Bell*, 5 T. R. 471 ; *Bellasis* v. *Burbrick*, 1
Salk. 209 ; *Williams* v. *Bosanquet*, 1 Brod. & Bingh. 238 ;
*Jones* v. *Pope*, 1 Wms's Saund. 38, note ; *Cunningham* v.
*Kimball*, 7 Mass. R. 65 ; *Farewell* v. *Dickenson*, 6 Barn. &
Cressw. 251 ; *Page* v. *Chuck*, 10 Moore, 264 ; *Hargrave* v
*Shewin*, 9 Dowl. & Ryl. 20.

*March* 18*th.*

DEWEY J. delivered the opinion of the Court. The plain
tiff has set forth his cause of action in a special count, and
must be subject to all the technical rules of law applicable to
that form of pleading. The consideration that great liberality
prevails in our practice as to the evidence admissible under the
general counts, can have no influence on the present question
as no such counts were filed here, and the inquiry is therefor
restricted to the point, as to what evidence was requisite to
support the special contract declared upon.

The action is debt on simple contract ; and in the most fa-
vorable view for the plaintiff, the rules in respect to the evi-
dence necessary to sustain it, must be the same as in an action
of assumpsit where the count had described with equal partic-
ularity the contract for the breach of which the damages were
demanded. The rule is well settled, that in such cases the
contract must be stated in its very terms, or according to its
legal effect ; and any material variance in the statement be-
tween the contract alleged and that proved, will be fatal to the
action. The question before us is to be tested by this rule.

The plaintiff in his declaration sets forth a special contract
of hiring by the defendant; describing the tenements leased,
the time of the lease, the price stipulated to be paid for rent,
and the time when payable. The counsel for the defendant
requested that the jury might be instructed that the plaintiff
could not maintain his action unless he proved the special

contract declared upon ; but the judge ruled, that if the plaintiff had permitted the defendant to occupy the whole or any part of the premises mentioned in the declaration, either for the whole or any part of the time therein mentioned, the jury would be authorized to return a verdict for the plaintiff for such sum as the use and occupation of the rooms the defendant had occupied, were reasonably worth, for the time they had been thus occupied.

This, as it seems to us, was in effect abandoning the special contract set forth in the declaration, and resorting to evidence of general indebtment by the defendant for the use and occupation of the premises of the plaintiff; evidence very proper under a general count, but wholly inadmissible under the special count contained in this declaration.

We do not perceive that the circumstance, that the contract of hiring, if any existed between the parties, was a verbal contract, would in any degree affect this question, so as to authorize the ruling of the judge in the manner before stated. It might be a sufficient reason for ruling, that the special count was not supported, and, under proper general counts, would have authorized the jury to return a verdict for such sum as, upon the evidence, the defendant was found indebted to the plaintiff for the use and occupation of his premises ; but without a general count, the jury could not properly return a verdict, as claimed by the plaintiff.

*Exceptions sustained, and case remanded to the Court of Common Pleas for a new trial.*